## Department of Environmental Resources v. Leon E. Kocher Coal Company, et al.

Argued May 8, 1973, before President Judge BowMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene E. Dice,* Assistant Attorney General, for appellant.

*David F. DeWees,* with him *Allen Shaffer* and *Shaffer, Kleiman & DeWees,* for appellee.

OPINION BY JUDGE MENCER, June 8, 1973:

The Leon E. Kocher Coal Company (Kocher), in connection with its mining operations, has utilized two silt ponds or basins since 1953. These ponds are filled, emptied and refilled in cycles of approximately one year.

On May 17, 1972, the Department of Environmental Resources (Department) conducted a visual inspection of the silt pond designated and known as No. 2. On June 9, 1972, the Department issued an order requiring the reduction of the water level in Silt Pond No. 2 and the cessation of the use of the impoundment. Kocher complied with this order but also filed an appeal to the Environmental Hearing Board (Board).

On August 17, 1972, the Department ordered Kocher to discontinue the use of Silt Pond No. 1. This order was also preceded by a visual inspection of the pond by the Department. Kocher, likewise, appealed this order to the Board and obtained a supersedeas, granted on August 25, 1972, which permitted continued use of each pond on condition that a five-foot distance be maintained from the water level to the top of each impoundment.

Following a hearing, the Board issued an adjudication on November 21, 1972 and vacated the Department's order of August 17, 1972, regarding Silt Pond No. 1, and remanded to the Department, for further study and action, that portion of the case relating to Silt Pond No. 2, the conditions of the supersedeas to remain in effect as to Silt Pond No. 2. The Department unsuccessfully sought a reargument before the Board and this appeal followed.

Our scope of review in an appeal from the Board is limited to whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence.

Absent a finding of error in these areas, our role is to affirm the adjudication.

We have carefully examined the record and conclude that here there have been no violations of constitutional rights. We find the adjudication in accord with law and the findings of fact necessary to support it to be supported by substantial evidence. Since we must therefore affirm the Board, we will not consider the question, not raised by the parties, of whether that portion of the Board's order, remanding the case relating to Silt Pond No. 2 to the Department for further action, is interlocutory and not appealable.

The Department has made the assertion that the maintenance and operation of a silt pond is a nuisance per se. However, no authority has been cited for such a proposition. The ponds here in question have existed for more than twenty years without incident, and we simply cannot conclude that their existence alone is contrary to law or a nuisance per se. It is now no more than speculation to predict that, if Kocher fails to continue its safe upkeep of the ponds, dire consequences will result. *See Ward v. Hampden Township,* 1 Pa. Commonwealth Ct. 22, 271 A. 2d 895 (1970).

The Department's principal assertion in this appeal is that, once it has ordered a silt pond to be closed, the owner has the burden of establishing that the pond is safe for further use. The Board disagreed and held that the burden of proof is upon the Department. The Board stated in its adjudication the following: "The Department has ample authority and resources to make its determinations before issuing any order of the kind here in question. We think the burden of proof should follow that authority and those resources in this case. Clearly, a coal operator's right to use a silt pond is a substantial one, and should not be taken away lightly, and certainly not without a showing of some danger or threatened danger to the public at large when he has

used his impoundment for 25 years with safety as here."

In *Bortz Coal Company v. Commonwealth*, 2 Pa. Commonwealth Ct. 441, 453-54, 279 A. 2d 388, 396 (1971), a case involving an alleged violation of the Air Pollution Control Act,[1] we stated that "[i]n view of the fact that the Department of Health is the moving party seeking to abate the emission of particulate matter by Bortz, the Commonwealth had the burden of proving that acts of Bortz were in violation of the Air Pollution Control Act. In order to meet that burden, the Commission had to prove that under the statute and its rules, regulations and standards, Bortz had violated the law necessitating the abatement order." Likewise, we believe that here it is equally true that the Department, after it issued its orders to discontinue the ponds and Kocher appealed therefrom, had the burden of proving to the Board[2] that the ponds were un-

---

[1] Act of January 8, 1960, P. L. 2119, 35 P.S. §4001 et seq.

[2] The Department relies heavily on Title 25, Rules and Regulations, Department of Environmental Resources, Chapter 101, Section 101.4(a), which states: "(a) Except as provided otherwise under Subsection (c) of this Section, no person or municipality shall operate, maintain or use or permit the operation, maintenance or use of an impoundment for the production, processing, storage, treatment or disposal of polluting substances unless such impoundment is structurally sound, impermeable, protected from unauthorized acts of third parties and is maintained so that a freeboard of at least two (2) feet remains at all times. The person or municipality owning, operating or possessing an impoundment shall have *the burden of satisfying the Department* that the impoundment complies with these requirements." (Emphasis supplied.)

We need not decide here the import of this regulation but merely recognize that it deals with "the burden of satisfying the Department," whereas in this appeal we are required to decide who has the burden of proving the condition of the impoundments before the *Board* on an appeal from an order of the Department commanding a discontinuance by the owners of the use of the impoundments.

safe or that their use in their present condition was in violation of some statute or rule, regulation or standard promulgated in accordance with law. This the Department failed to do, and its failure in this regard was the basis for the Board's decision.

The Department's principal witness, John J. Ellam, a civil engineer, stated that, in his opinion, a stability analysis test was necessary to establish that impoundments such as those at issue are safe. Mr. Ellam then proceeded to testify that the Department had made no such test on the ponds here in question and that the Department's orders were based on visual inspection of the ponds. Such testimony makes the Board's findings of fact numbered 7, 8, 9 and 10 of particular significance when we are reviewing the ruling of the Board. Those findings of fact read:

"7. A competent engineer with 25 years of experience who examined the impoundments on [Kocher's] behalf was of the professional opinion that pond #1 is structurally sound.

"8. Inspections are made on a daily basis to determine whether the ponds show signs of weakening or of structural unsoundness.

"9. The Department was unable to fully consider the base width of the ponds or the bottom construction in making its determinations.

"10. The Department was unable to fully consider the amount of sediment in the pond in making its determination, and did no testing of structural strength other than by visual observation."

The Department's action in this case recalls to mind the Department of Health's action in *Bortz Coal Company v. Commonwealth, supra.* We said there what has equal application here:

"Somehow, regulatory agencies such as the Air Pollution Commission and its employes, take the attitude that because they represent the government, there is no

need for them to prove facts, except as established by the estimates and observations of their experts. Merely because the Commonwealth employs experts in the various fields of regulation does not necessarily mean that the Commonwealth need not prove its case. In the event it should occur in a case that there is no scientific measurement instrument, or no method of determining a violation, then, as in all adjudicated matters in this Commonwealth, violations will have to be determined upon the weight of the evidence produced. However, where there are available established methods for determining violations, those methods must be used.

. . . .

". . . To permit the Commission to order an abatement based solely upon the visual tests and observations of one employe strikes at the heart of fairness envisioned in every judicial process known to our system of jurisprudence." 2 Pa. Commowealth Ct. at 458-59, 279 A. 2d at 398.

Therefore, we issue the following

ORDER

Now, June 8, 1973, the adjudication of the Environmental Hearing Board is hereby affirmed.